IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL F. VORUM and ELIZABETH EELKEMA VORUM, husband and wife, and VORUM'S STABLES, LLC, a Pennsylvania limited liability corporation, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | )   2:05cv59 |
| CANTON TOWNSHIP and CHAD SMITH and EMIL STANISH, individually and as Supervisors of Canton Township, | )<br>)<br>)<br>) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER OF COURT

Before the Court for consideration and disposition are the MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6) filed by defendant Canton Township (*Document No. 6*) and the MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) OF DEFENDANTS SMITH AND STANISH (*Document No. 10*). The issues have been fully briefed, and the matter is ripe for disposition. *See* Document Nos. 7, 11, 13-15.

Background

This case arises out of a zoning dispute over a horse racing track in Washington County, Pennsylvania. The following information is drawn from the Complaint and is taken as true for the purpose of the instant motions. Plaintiffs Daniel F. Vorum and Elizabeth Eelkema Vorum ("the Vorums") are husband and wife and reside in Washington County. Complaint at ¶ 1. Plaintiff Vorum's Stables is a Pennsylvania limited liability corporation which operates and manages a horse racing track and related facilities situated in Canton Township, Washington County. *Id*. at ¶ 2. Defendants Chad Smith ("Smith") and Emil Stanish ("Stanish") are members of the Canton Township Board of Supervisors, which is the governing body of the Township. *Id*. at ¶¶ 5-7.

On February 11, 2002, a one-day charity harness racing event was authorized at Plaintiffs' facility by the Pennsylvania Harness Racing Commission; the event was to be held on June 2, 2002 and apparently did not take place. *Id*. at ¶ 11. Smith and Stanish disapproved of the event due to the possible violation of Canton Township's zoning ordinances. *Id*. at ¶ 13-14; *see also* Complaint, Exhibits 2 & 3. The documents attached as to the Complaint as Exhibits 2 and 3 appear to indicate some personal animosity between the Plaintiffs and Smith and Stanish.

On August 19, 2002, the Vorums filed a Notice of Appeal with the Canton Township Zoning Hearing Board ("the ZHB") in which they requested an opinion as to whether a building permit was required for the erection of a judge's tower atop an existing barn at the facility. *Id*. at ¶ 15. At a hearing before the ZHB Stanish testified in opposition to the Vorums' appeal. *Id*. at ¶ 17. The ZHB held that a building permit was required, and the Vorums appealed the matter to the Court of Common Pleas of Washington County on or about March 11, 2003.[1]

The Vorums' facility is located in an R-2 zoning classification, which does not permit horse racing, wagering and the like. *Id*. at ¶ 22. Thus, the Vorums filed a challenge to the validity of the applicable zoning ordinance with the Canton Township Board of Supervisors, and contemporaneously filed a request for a "Curative Amendment." *Id*. at ¶ 23. Hearings on the challenge to the validity of the applicable zoning ordinance were held before the Canton Township Board of Supervisors on November 14, 2002, December 12, 2002, and January 9, 2003. *Id*. at ¶ 25. Stanish purported to abstain from voting on the matter because of a possible conflict of interest,[2] but nevertheless participated in the hearings with the other supervisors. Apparently during this time Smith proposed to Samuel R. Stockton, the Township Manager, that Native American artifacts (*e.g.*, arrow heads and broken pottery) be buried on the Vorums' property (and somehow "discovered") in order to frustrate their attempt to utilize their facility for horse racing. *Id*. at ¶ 30.

---

[1] Apparently the matter is still pending.

[2] Stanish owns property which abuts the Vorums' facility.

Hearings on the "Curative Amendment" were also held on December 12, 2002 and January 9, 2003. *Id*. at ¶ 32. Stanish participated in these hearings. *Id*. The Complaint alleges that the Board of Supervisors refused to permit the Vorums' witnesses to testify in rebuttal to the testimony provided by the Township's witnesses. *Id*. at ¶ 34.

On April 16, 2003, the Board of Supervisors issued a written decision which rejected the "Curative Amendment" sought by Plaintiffs. *Id*. at ¶ 35. The decision was signed by Stanish, with the caveat that he did not participate in the decision. *Id*. at ¶ 36. The Vorums appealed the decision to the Court of Common Pleas of Washington County. *Id*. at ¶ 37.[3] Due to the denial of the "Curative Amendment", the Vorums were unable to obtain "the last remaining harness racing license in the Commonwealth of Pennsylvania for pari-mutual wagering and related accessory uses upon the horse racing site." *Id*. at ¶ 38.

On January 20, 2005, Plaintiffs filed a two-count Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Pennsylvania. The Complaint alleges violations of Plaintiffs' rights to due process and equal protection of the law. Specifically, the Complaint alleges that "Plaintiffs' due process rights and the right to a full and fair hearing on the proposed Curative Amendment have been denied by the bias and prejudice of Defendant Supervisors," and "by the exclusion of relevant testimony from Plaintiffs' witnesses in their case-in-chief and on rebuttal." *Id*. at ¶ 42-43. The Complaint also alleges that "Plaintiffs' due process and equal protection rights have been violated where only one supervisor without a conflict signed the order denying the Curative Amendment." *Id*. at ¶ 44.

Standard of Review

When considering a motion to dismiss pursuant to Rule 12(b)(6) the Court accepts as true all well pleaded allegations of fact. *Pennsylvania Nurses Ass'n. v. Pennsylvania State Educ. Ass'n.*, 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997). In addition, the

---

[3] Apparently the matter is still pending.

Court must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-movant. *General Motors Corp. v. New A.C. Chevrolet, Inc.,* 263 F.3d 296, 325 (3d Cir. 2001). Dismissal is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1411 (3d Cir. 1993).

The Federal Rules of Civil Procedure do not require detailed pleading of the facts on which a claim is based, they simply require "a short and plain statement of the claim showing that the pleader is entitled to relief," which statement is sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed.R.Civ.P. 8(a)(2); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957). Notwithstanding this standard, the Court "need not credit a complaint's bald assertions or legal conclusions." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997) (internal quotations omitted).

Discussion

A.  Defendant Canton Township's Motion to Dismiss

Canton Township contends that the Complaint should be dismissed 1) pursuant to abstention doctrines, and 2) because the facts alleged in the Complaint do not amount to violations of equal protection, procedural due process and substantive due process. Canton Twp's Br. at 4-11.

   a.  General Principles of Abstention

The United States Court of Appeals has provided the following synopsis of the general principles of abstention:

> Abstention is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or agency will have the opportunity to decide the matters at issue. The doctrine is rooted in concerns for the maintenance of the federal system and represents an extraordinary and narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them. Consequently, abstention is justified only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest. In other words,

> abstention from the exercise of federal jurisdiction is appropriate only under certain limited circumstances. Those circumstances are loosely gathered under discrete concepts of abstention named after leading Supreme Court Cases, *viz.*, "*Pullman*" (*Railroad Comm'n of Texas v. Pullman*, 312 U.S. 496 (1941)); "*Burford*" (*Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)); "*Younger*" (*Younger v. Harris*, 401 U.S. 37 (1971)); and "*Colorado River*" (*Colorado River Water Conservation District v. United States*, 424 U.S. 800, (1976)).

*Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295, 303 (3d Cir. 2004) (citations, quotation marks and brackets omitted). Canton Township contends that *Burford* and *Younger* abstention require that the Court decline to exercise jurisdiction. The Court will consider the applicability of each doctrine.

      b.      <u>*Burford* Abstention</u>

The decision of the Third Circuit in *High Tech Trans*, *supra*, provides the following discussion of *Burford* abstention:

> In *Burford*, the Supreme Court stated that a federal court should refuse to exercise its jurisdiction in a manner that would interfere with a state's efforts to regulate an area of law in which state interests predominate and in which adequate and timely state review of the regulatory scheme is available. The purpose of *Burford* is to avoid federal intrusion into matters of local concern and which are within the special competence of local courts.

*Hi Tech Trans, LLC*, 382 F.3d at 303-04 (citations and quotation marks omitted).

"The Supreme Court has provided a clear definition of the *Burford* doctrine." *Id.* at 304 (citation and quotation marks omitted). In *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350 (1989) ("*NOPSI*"), the Court wrote:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with **the proceedings or orders of state administrative agencies**: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*NOPSI*, 491 U.S. at 361 (*quoting Colorado River*, 424 U.S. at 814) (emphasis added). Therefore, *Burford* abstention "calls for a two-step analysis." *Riley v. Simmons*, 45 F.3d 764, 771 (3d

5

Cir.1995) (citation omitted). "The first question is whether timely and adequate state law review is available." *Id*. (citation omitted). "Only if a district court determines that such review is available, should it turn to other issues and determine if the case before it involves difficult questions of state law impacting on the state's public policy or whether the district court's exercise of jurisdiction would have a disruptive effect on the state's efforts to establish a coherent public policy on a matter of important state concern." *Id.*

"The second prong of the *Burford* doctrine, as refined in *NOPSI*, requires a court to examine three issues: (1) whether the particular regulatory scheme involves a matter of substantial public concern; (2) whether it is the sort of complex technical regulatory scheme to which the *Burford* abstention doctrine usually is applied; and (3) whether federal review of a party's claims would interfere with the state's efforts to establish and maintain a coherent regulatory policy." *Hi Tech Trans, LLC*, 382 F.3d at 304 (citations, quotation marks and brackets omitted).

Canton Township contends that "the Court of Common Pleas of Washington County is the appropriate forum to entertain the zoning disputes as a zoning question is well within the Commonwealth's purview and allowing the claim to proceed in Federal Court would interfere with and undermine the Commonwealth's interest." Canton Twp. Mot. at 6. However, in the view of the Court *Burford* abstention does not apply to the facts of this case. To put it simply, the resolution of Plaintiffs' constitutional claims will not interfere with the proceedings or orders of any *state administrative agency*. The Complaint does not request that the Court enjoin or otherwise interfere with the ongoing proceedings of a state administrative agency, but instead seeks to redress alleged violations of constitutional rights by Canton Township and its supervisors. Therefore, the Court finds and rules that *Burford* abstention is not applicable to this case.

c.     *Younger* Abstention

In *Younger*, the Supreme Court held that federal courts should abstain from enjoining state criminal prosecutions absent extraordinary circumstances. The Supreme Court has since expanded the reach of *Younger* to noncriminal judicial proceedings in which important state interests are involved. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982). *Younger* abstention "reflects a strong federal policy against federal-court interference with pending state judicial proceedings." *Id*. at 431.

Although *Younger* abstention is founded on notions of comity, "the [mere] pendency of an action in state court is no bar to proceedings concerning the same subject matter in the Federal Court having jurisdiction." *Colorado River,* 424 U.S. at 817. "The presence of two parallel suits . . . does not run afoul of *Younger*." *Schall v. Joyce*, 885 F.2d 101, 112 (3d Cir. 1989). This is true even in cases where there exists a "potential for conflict in the results of the adjudications." *Colorado River*, 424 U.S. at 816. A federal court, therefore, will only consider *Younger* abstention when the requested equitable relief would constitute federal interference in state judicial or quasi-judicial proceedings. *Middlesex*, 457 U.S. at 431; *Frank Russell Co. v. Wellington Mgmt. Co., LLP*, 154 F.3d 97, 106 (3d Cir. 1998).

Abstention under *Younger* is appropriate only if (i) there are ongoing state proceedings which involve the would-be federal plaintiffs that are judicial in nature, (ii) the state proceedings implicate important state interests, and (iii) the state proceedings afford an adequate opportunity to raise federal claims. *Schall,* 885 F.2d at 106 (*citing Middlesex County*, 457 U.S. at 432). However, such a showing does not require that the federal court abstain. *Marks v. Stinson*, 19 F.3d 873, 882 (3d Cir. 1994). As a threshold condition to the above requirements, "*Younger* applies only when the relief the plaintiff seeks in federal court would interfere with the ongoing state judicial proceeding." *Grimm v. Borough of Norristown*, 226 F. Supp. 2d 606 (E.D. Pa. 2002). Where the "federal proceedings are parallel but do not interfere with the state proceedings, the principles of comity underlying *Younger* abstention are not implicated."

*Gwynedd Properties*, *Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1201 (3d Cir. 1992); *see also Marks,* 19 F.3d at 882 ("a federal court will only consider *Younger* abstention when the requested equitable relief would constitute federal interference in state judicial or quasi-judicial proceedings.").

Applying the principles of *Younger* to the present case, the Court finds and rules that the threshold *Younger* requirement is not met.  There has been no showing that this federal proceeding will truly interfere with the proceedings in the Court of Common Pleas of Washington County.  This is not a case in which the federal plaintiffs are seeking relief which will in any way impair the ability of the state courts of Pennsylvania to adjudicate anything that is currently before them.  Instead, Plaintiffs are simply attempting "to litigate what is admittedly a federal question in federal court . . . ."  *Marks,* 19 F.3d at 885 (*quoting Kentucky West Virginia Gas Co. v. Pennsylvania Pub. Util. Comm'n*, 791 F.2d 1111, 1117 (3d Cir. 1986)); *see also Gwynedd Properties*, *Inc*, 970 F.2d at 1203 (" It is incumbent upon district courts, faced with a claim arising out of land use questions, to examine the facts carefully to determine what the essence of the claim is.  If it is an unlawful conspiracy like the one alleged here, the mere presence of land use issues should not trigger a mechanical decision to abstain.").

Undoubtedly, the case before this Court involves some of the same factual circumstances that are involved in the action(s) pending in the Court of Common Pleas of Washington County.  Nevertheless, "[w]here federal proceedings parallel but do not interfere with the state proceedings, the principles of comity underlying *Younger* abstention are not implicated" and *Younger* abstention is not warranted.  *Gwynedd Properties,* 970 F.2d at 1201.  Having found that the threshold condition for *Younger* abstention is not met, the Court need not address the remaining three requirements for *Younger* abstention.  For these reasons, the request for this Court to abstain from exercising its jurisdiction pursuant to the *Younger* doctrine will be denied.

d.  Canton Township's Other Arguments

Canton Township's contention that the alleged facts do not amount to constitutional violations does not provide a sufficient justification to dismiss the case. The Court finds and rules that the Complaint satisfies the liberal standard of notice pleading, *i.e.*, the Complaint is sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed.R.Civ.P. 8(a)(2). In the view of the Court discovery is necessary to flesh out the facts of the case and determine whether those facts amount to violations of equal protection, procedural due process and substantive due process. Therefore, Canton Township's Motion to Dismiss will be denied without prejudice to raising these arguments in a motion for summary judgment.

B.  Defendants Smith and Stanish's Motion to Dismiss

Defendants Smith and Stanish contend that the Complaint should be dismissed 1) pursuant to the abstention doctrines invoked by Canton Township, 2) because it fails to state claims for violations of equal protection, procedural due process and substantive due process, and 3) because they are entitled to quasi-judicial immunity, legislative immunity and qualified immunity. Defs' Br. in Supp. at 2-7.[4] With respect to the abstention doctrines, the Court has already found that abstention is not warranted; no further discussion of those issues is necessary. With respect to the remaining contentions, it appears to the Court that discovery is necessary to flesh out the facts of the case and determine whether those facts amount to the alleged constitutional violations, and whether any of the immunity doctrines invoked by Smith and Stanish are applicable to the facts. Therefore, the Court will deny the Motion to Dismiss filed by Smith and Stanish without prejudice to raising these arguments in a motion for summary judgment.

---

[4] Document No. 11.

Conclusion

For the reasons hereinabove stated, the Motions to Dismiss filed by Defendants will be denied.  An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL F. VORUM and ELIZABETH EELKEMA VORUM, husband and wife, and VORUM'S STABLES, LLC, a Pennsylvania limited liability corporation,** )<br><br>            **Plaintiffs,**<br>v.<br><br>**CANTON TOWNSHIP and CHAD SMITH and EMIL STANISH, individually and as Supervisors of Canton Township,**<br><br>            **Defendants.** | 2:05cv59 |

## ORDER OF COURT

AND NOW, this 23rd day of January, 2006, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED and DECREED that the Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by defendant Canton Township (*Document No. 6*) and the Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) of Defendants Smith and Stanish (*Document No. 10*) are **DENIED**. Defendants shall file an answer to Plaintiffs' Complaint on or before **February 10, 2006.**

                                                  BY THE COURT:

                                                  s/ Terrence F. Mcverry
                                                  United States District Court Judge

cc:    Kathryn L. Simpson, Esquire
         Mette, Evans & Woodside
         3401 North Front Street
         P.O. Box 5950
         Harrisburg, PA 17110-0950

         Robert J. Grimm, Esquire
         Email: rgrimm@swartzcampbell.com

         Thomas P. McGinnis, Esquire
         Karin M. Romano, Esquire
         Email: tmcginnis@tthlaw.com