IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL F. VORUM and ELIZABETH EELKEMA VORUM, husband and wife, and VORUM'S STABLES, LLC, a Pennsylvania limited liability corporation, | ) ) ) ) ) |
| Plaintiffs, | ) |
| v. | )   2:05cv59 |
| CANTON TOWNSHIP and CHAD SMITH and EMIL STANISH, individually and as Supervisors of Canton Township, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Before the Court for consideration and disposition is the Defendants JOINT MOTION FOR SUMMARY JUDGMENT (*Document No. 37*). The issues have been fully briefed, and the matter is ripe for disposition.[1]  *See* Document Nos. 38, 40, 45.

Background

This case arises out of a zoning dispute over a horse racing track. Plaintiffs Daniel F. Vorum and Elizabeth Eelkema Vorum ("the Vorums") resided in Washington County, but Daniel Vorum is now deceased. Plaintiff Vorum's Stables is a Pennsylvania limited liability corporation which operates and manages a horse racing track and related facilities situated in Canton Township, Washington County. Plaintiffs purchased the 69-acre property in December 2000. It is located in an R-2 (medium-density residential) zoning district. The Vorums' property is located approximately ten miles from The Meadows, a long-established harness racing facility. Defendants Chad Smith ("Smith") and Emil Stanish ("Stanish") are members of the Canton Township Board of Supervisors, which is the governing body of the Township. Stanish owns

---

[1] Plaintiffs filed a separate Statement of Material Facts (Document No. 41), but did not respond to the Defendants' Statement of Undisputed Material Facts.

adjoining property.

On February 11, 2002, a one-day charity harness racing event was authorized at Plaintiffs' facility by the Pennsylvania Harness Racing Commission; the event was held on July 21, 2002. The Vorums erected a judges' tower and a photo-finish booth for this event. Smith and Stanish disapproved of the event due to the possible violation of Canton Township's zoning ordinances and building code.

The event evidently whetted the Vorums' appetite to become more involved in horse racing. In September 2002, the Vorums filed an application for a license to conduct horse racing and pari-mutual wagering with the Pennsylvania Harness Racing Commission. During the same time frame, the Vorums sought approval to conduct such activities on their property by filing a challenge to the validity of the Canton Township zoning ordinance. Hearings on the challenge to the validity of the applicable zoning ordinance were held before the Canton Township Board of Supervisors on November 14, 2002, December 12, 2002, and January 9, 2003. Stanish abstained from voting on the matter because of a possible conflict of interest, but nevertheless participated in the hearings with the other supervisors in the event that his vote was necessary to break a tie. On April 16, 2003, the Board of Supervisors issued a 22-page written decision which rejected the "Curative Amendment" sought by Plaintiffs. Defendants' Exhibit O. The decision was signed by Stanish, with the caveat that he did not participate in the decision. The decision was not signed by commissioner Vitteck, even though Vitteck made the motion and voted to deny the Vorum's request.

On July 5, 2004, Pennsylvania enacted the Pennsylvania Race Horse Development and Gaming Act, 4 Pa. C.S.A. § 1101 et seq ("Act 71") requires racetrack facilities to be more than 20 miles apart. As a result, the Vorums recognized that they would be unable to use the Canton Township property for harness racing and began trying to purchase land in Mercer County. Because the deadline for submitting applications for a harness racing license had expired, the Vorums intended to transfer their existing application on the Canton Township property.

Plaintiffs never finalized the purchase of property in Mercer County.  Plaintiffs' license application was placed into the Harness Racing Commission's consideration pool and a public comment hearing and evidentiary hearing were scheduled.  However, on October 15, 2004, Plaintiffs withdrew their application.

On January 20, 2005, Plaintiffs filed a two-count Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Pennsylvania.  The Complaint alleges violations of Plaintiffs' rights to substantive and procedural due process and equal protection of the law.  Specifically, the Complaint alleges that "Plaintiffs' due process rights and the right to a full and fair hearing on the proposed Curative Amendment have been denied by the bias and prejudice of Defendant Supervisors," and "by the exclusion of relevant testimony from Plaintiffs' witnesses in their case-in-chief and on rebuttal."  The Complaint also alleges that "Plaintiffs' due process and equal protection rights have been violated where only one supervisor without a conflict signed the order denying the Curative Amendment."   On January 23, 2006, the Court denied defendants' motions to dismiss, noting that discovery was necessary to flesh out the facts of the case and determine whether those facts can support claims for violations of equal protection, procedural due process and substantive due process.

Standard of Review

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Thus, the Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986).  The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion.  *Williams v. Borough of*

*West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Liberty Lobby*, 477 U.S. at 249). Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Id.* (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Distilled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251-52.

## Discussion

The Court denied Defendants' motions to dismiss in order to provide Plaintiffs with an opportunity to develop evidence in support of their claims that their constitutional rights were violated. It is abundantly clear that no such evidence has been established. Plaintiffs have unearthed a few distasteful and unprofessional emails between Canton Township officials, but no evidence from which a reasonable jury could find that there was a constitutional violation. Accordingly, Defendants' motion for summary judgment will be granted.

Before turning to the specific claims asserted in the complaint, the Court is compelled to observe that Plaintiffs make an extremely attenuated causation argument – in essence, they contend that a zoning decision in Canton Township, Washington County, prevented them from obtaining a horse racing and gambling license from the Commonwealth of Pennsylvania for a facility in Mercer County. The Vorums acknowledge that they could not operate such a facility in Canton Township due to the 20-mile geographical limitation in the Pennsylvania Race Horse Development and Gaming Act, 4 Pa. C.S.A. § 1101 et seq ("Act 71") and the fact that The Meadows racetrack was only 10 miles away. Thus, even if the zoning amendment would have been approved, the Vorums concede that they could not have built the facility in Canton Township.

Instead, Plaintiffs argue that the bias of the Canton Township Supervisors caused them to deny the zoning change, which caused their application for a harness racing license to be

incomplete, which required the Vorums to withdraw their application, which meant that the application could not be transferred to other land that the Vorums were attempting to purchase in Mercer County, which resulted in the Vorums not getting the license.  There are numerous weak links in this chain.  There were legitimate reasons other than bias that justify the denial of the zoning change; the 20-mile limit prevented use of the Canton Township property in any event; there is no evidence that the Canton Township zoning decision prevented Plaintiffs from amending their application rather than withdrawing it; the Vorums did not acquire appropriate land in Mercer County; and even if they had, the license may have been awarded to a number of other applicants.[2]  Indeed, almost eighteen months elapsed between the zoning decision and the withdrawal of the Vorum's license application and any reasonable jury would have difficulty concluding that there was a causal effect.

    A.    Substantive Due Process Claim

Defendants argue that local zoning decisions will not violate substantive due process, even if based on improper motives, unless they "shock the Court's conscience."  *United Artists Theatre, Inc. v. Township of Warrington*, 316 F.3d 392, 400-02 (3d Cir. 2003).  In *United Artists*, the Court of Appeals explained that the "shocks the conscience" test is designed to prevent federal courts from becoming embroiled in local zoning disputes under the guise of a constitutional claim, except under the most egregious conduct by local officials.  Plaintiffs cite numerous state law cases for the proposition that judges must avoid even the appearance of impropriety.  These cases are inapposite to the issue before the Court.  Plaintiffs also contend that the Court's conscience can be shocked by the "callous disregard for the solemnity of the function the supervisors were performing" and by the bias shown in their internal emails.  Specifically, in one email, Stanish stated: "I do not want this snake [i.e., Vorum] to get a foothold in this racing

---

[2]Even under Plaintiffs' own theory, after July 2004 the Canton Township property was relevant only as a vehicle to transfer the application to Mercer County.

shit." In another email message, Smith stated:

> If you really want to screw around with Vorum, go to one of those museum stores, [buy] a dozen arrowheads and bury them about three or four feet deep all over the property. Actually, our resident architect – Pete Stefansky could tell you exactly how they had to be found and how many piece[s] of broken and deteriorated pottery should be in proximity to the arrowheads to make the find plausible. This idea is better than the one we floated between us to introduce some endangered animal to the Molycorp property to screw with UNOCAL.

These emails fall far short of the standard of excellence in public service, to say the least. However, Stanish recused on the rezoning request. As to Smith, Plaintiffs have not pointed to any evidence of self-dealing, actual malice or any affirmative step to actually perform the actions outlined in his email. A jury could certainly disbelieve Smith's explanation that the email was a "poor attempt at humor," but the email by itself, with no evidence that the ideas were ever put into practice, does not provide sufficient evidence of corruption, self-dealing bias or malfeasance to meet the "shocks the conscience" standard.³ Defendants are entitled to summary judgment on the substantive due process claim.

      B.      Procedural Due Process

Plaintiffs claim that they were denied procedural due process. The record indicates that Plaintiffs received substantial "process," including three days of hearings culminating in a 22-page written decision. Plaintiffs contend that they were limited to a *de jure* challenge to the ordinance and prevented from presenting a *de facto* challenge to the ordinance. During the hearing, counsel specifically questioned Plaintiff's expert planning consultant, Ms. Sarraf, on this

---

³Although Plaintiffs do not make this argument, in *County Concrete Corp. v. Township of Roxbury*, 442 F.3d 159, 169 (3d Cir. 2006), the Court of Appeals distinguished *United Artists*, deemed a decision by a municipal body in New Jersey regarding changes in use in a zoning district to be "quasi-legislative," and applied a rational basis review. Assuming arguendo that this standard applies, Defendants would be entitled to summary judgment because there are numerous legitimate reasons for the denial of the Vorum's request for a zoning change, including the ability to conduct horse racing in an A-1 district, the increase in traffic in a residential area and the impact on nearby homes and infrastructure. *See* Defendants' Exhibit O.

very topic. *See* Plaintiffs' Brief at 11-12. Plaintiffs' expert clearly confirmed that the Vorums were making only a *de jure* challenge. Plaintiffs and their counsel did nothing to disavow these statements. At the January 9 hearing, Plaintiffs tried to change theories. They now argue that the commission's decision to make the Vorums adhere to their expert's earlier representation constituted a due process violation. The Plaintiffs' contention is without merit. The Vorums' *de facto* challenge was barred because they were suddenly changing their theory of the case at the third public hearing. Their previous statements and submissions did not provide sufficient detail for a *de facto* challenge, had given no notice to the Township, and admission of this new theory would have prejudiced the Township. Defendants' Exhibit O.

Moreover, as Defendants point out, Pennsylvania provides constitutionally adequate procedures to parties that seek to overturn local zoning decisions. *See Rogin v. Bensalem Twp.*, 616 F.2d 680 (3d Cir. 1980); *Pellegrino Food Prods. Co. v. City of Warren*, 136 F. Supp.2d 391, 402 (W.D. Pa. 2000). To the extent that Plaintiffs were aggrieved, they should pursue their appeal in that forum. In sum, Defendants are entitled to summary judgment on the procedural due process claim.

      C.      Equal Protection

Plaintiffs conclusorily argue, in one short paragraph, that they were treated differently than others in the class of "parties seeking a curative amendment," because of the bias demonstrated in the emails. Plaintiffs have not cited any cases, nor have they developed this argument. Defendants correctly state that where no suspect class or fundamental right is implicated, as here, a "rational basis" standard applies. As noted above, there are numerous rational bases for the denial of the rezoning request. Further, the Court of Appeals has explained that equal protection claims cannot be used as a device to avoid the stringent requirements for substantive due process claims. *Eichenlaub v. Indiana Twp.*, 385 F.3d 274, 287 (3d Cir. 2004). Defendants are entitled to summary judgment on the equal protection claim.

    D.    Quasi-Judicial Immunity for Smith and Stanish

Plaintiffs concede that commissioners Smith and Stanish are entitled to immunity for their votes on the Curative Amendment.  Because the claims are denied on the merits, the Court does not reach the issue of immunity.

    E.    Qualified Immunity

Plaintiffs contend that their rights were clearly established and that reasonable officials would have known that their conduct violated Plaintiffs' rights.  Because the Court concludes that Defendants are entitled to summary judgment on the substantive merits, it need not address qualified immunity.

    F.    Claim vs. Canton Township (Municipal Liability)

Plaintiffs seek to hold Canton Township liable for the conduct of commissioners Smith and Stanish.  The Court need not address municipal liability, as it is clear that there has been no underlying constitutional violation.

    G.    Damages

Plaintiffs contend that punitive damages are appropriate and should be for a jury to determine.  Because there is no constitutional violation, Plaintiffs are not entitled to any type of damages.  Therefore, the Court need not address this contention.

## Conclusion

For the reasons hereinabove stated, the joint motion for summary judgment filed by Defendants will be granted.  An appropriate Order follows.

                                                    McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL F. VORUM and ELIZABETH EELKEMA VORUM, husband and wife, and VORUM'S STABLES, LLC, a Pennsylvania limited liability corporation,<br><br>        **Plaintiffs,**<br>  v.<br><br>CANTON TOWNSHIP and CHAD SMITH and EMIL STANISH, individually and as Supervisors of Canton Township,<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)   2:05cv59<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW, this 7th day of August, 2007, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED and DECREED that the Defendants JOINT MOTION FOR SUMMARY JUDGMENT (*Document No. 37*) is **GRANTED**.

                            BY THE COURT:

                            s/ Terrence F. Mcverry
                            United States District Court Judge

cc:    Kathryn L. Simpson, Esquire
        Mette, Evans & Woodside
        3401 North Front Street
        P.O. Box 5950
        Harrisburg, PA 17110-0950

        Robert J. Grimm, Esquire
        Email: rgrimm@swartzcampbell.com

        Thomas P. McGinnis, Esquire
        Karin M. Romano, Esquire
        Email: tmcginnis@tthlaw.com